## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| DONALD PALMER, JR., | : |
|  | : |
| Plaintiffs, | : |
| vs. | : CIVIL DOCKET NO. _____ |
|  | : |
| BLACK & DECKER (U.S.), INC. d/b/a | : |
| DEWALT INDUSTRIAL TOOL | : |
| COMPANY and STANLEY BLACK & | : |
| DECKER, INC. d/b/a MAC TOOLS, | : |
|  | : |
| Defendants. | : |
|  | : |

## CIVIL ACTION COMPLAINT

Plaintiff, Donald Palmer Jr., by and through his Attorneys, Wayne A Marvel, Esquire and James C. McKeown, Esquire, hereby files this Complaint against Defendants, Black & Decker (U.S.), Inc. d/b/a DeWalt Industrial Tool Company, and Stanley Black & Decker, Inc. d/b/a MAC Tools.

## PARTIES

1.      Plaintiff, Donald Palmer Jr., is an adult individual residing at Wilmington, Delaware.

2.      Defendant Black & Decker (U.S.), Inc. d/b/a DeWalt Industrial Tool Company ("Defendant Black and Decker") is a Maryland corporation, with a principal place of business at 701 E. Joppa Road, Towson MD.

3.      Defendant Black & Decker regularly conducts business in the Commonwealth of Pennsylvania and engages in the marketing, manufacturing, distribution, packaging, fabricating, designing and sales of tools and industrial supplies, with an office for service at 701 East Joppa Road in Baltimore, Maryland. It is a subsidiary of Stanley Black & Decker, Inc.

4.      Defendant, Stanley Black & Decker, Inc. d/b/a MAC Tools ("Defendant Stanley") is a Connecticut corporation, with a principal place of business at 1000 Stanley Drive, New Britain, Connecticut.

5.      Defendant Stanley regularly conducts business in the Commonwealth of Pennsylvania and engages in the marketing, distribution, packaging, designing and sales of tools and industrial supplies, with an office for service at 1000 Stanley Drive, New Britain, Connecticut.

## JURISDICTION

6.      Jurisdiction is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

## TRIAL BY JURY DEMANDED

7.      Plaintiff demands a trial by jury on all issues.

## FACTUAL BACKGROUND

8.      Based upon information and belief, Defendant Black & Decker designed, fabricated, modified, marketed, packaged, assembled, tested and otherwise placed into the stream of commerce a heated jacket, DeWalt Model DCHJ062 (the "DeWalt Heated Jacket" or "jacket") under the DeWalt label. The DeWalt Heated Jacket was sold through Defendant Stanley's MAC Tools named entity.

9.      The DeWalt Heated Jacket was designed to carry and be powered by a large DeWalt-branded tool battery which was designed for use in various DeWalt-branded tools and other accessories, including the aforementioned jacket.

10.     The DeWalt Heated Jacket itself was designed to hold the aforementioned DeWalt battery in a specially designed pocket located on the left hip of the jacket.

11.     The battery and battery adapter were improperly designed for consumer use in heated jackets. Further, the DeWalt Heated Jacket was improperly designed to safely hold the large DeWalt branded battery.

12.     Plaintiff Donald Palmer, Jr. purchased the DeWalt Heated Jacket from Defendant Stanley through its MAC Tools named entity at his place of employment in 2017.

13.     On or about January 5, 2018, Plaintiff Donald Palmer, Jr. wore the DeWalt Heated Jacket to his hunting lodge in Valley View, Pennsylvania.

14.     The DeWalt Heated Jacket was powered by the previously described large DeWalt- branded tool battery

15.     While wearing the DeWalt Heated Jacket, with the DeWalt battery located in the specially designed pocket on the left hip, Plaintiff Donald Palmer, Jr. slipped on ice.

16.     Plaintiff Donald Palmer, Jr. fell on his left side, landing on the DeWalt battery, resulting in a severe impact causing a fractured left hip and other severe and permanent injuries to Plaintiff Donald Palmer, Jr.

17.     As a result of the negligence more fully described herein, Plaintiff Donald Palmer Jr. suffered grievous and life-threatening injuries including, but not limited to, the following: (1) a severe fracture of the left hip; (2) physical trauma associated with and flowing from the above referenced injuries; (3) emotional and psychological trauma associated with and flowing from the above-referenced injuries; and (4) severe shock to his nerves and nervous system; which injuries have caused him pain and suffering in the past and may continue to do in the future; which injuries have prevented him and may continue to prevent him from attending to his daily and

3

usual duties; which injuries have required him to expend money for medicine and/or medical attention in an attempt to treat, cure and care for himself, injured as aforesaid; all of which has been and continues to be to his great damage and loss.

18.     As a result of the aforesaid injuries, Plaintiff Donald Palmer, Jr. has undergone emergency and follow-up hospitalization and surgery for treatment of his injuries, and may continue to require periodic hospitalization for an indefinite period of time in the future, to his great detriment and loss.

19.     As a result of the aforesaid injuries, Plaintiff Donald Palmer, Jr. has undergone great pain and suffering, disfigurement, limitations of use of bodily movement and functions, limitation of the ability to pursue normal occupational and social activities, as well as further manifestations of suffering, some or all of which are not yet apparent.

20.     As a result of the aforesaid injuries, Plaintiff Donald Palmer, Jr. has required therapy, both at outpatient facilities and at home, and may continue to require said therapy and rehabilitation for an indefinite period of time in the future, to his great detriment and loss.

21.     As a result of the aforesaid injuries, Plaintiff Donald Palmer, Jr. has suffered substantial financial setbacks, including loss of income, due to lost time from employment, which financial setbacks and income losses will continue for an indefinite period of time in the future, to his great detriment and loss.

22.     On the date and at the time of the accident described herein-above, Plaintiff Donald Palmer, Jr. was wearing and operating the afore-described DeWalt Heated Jacket in a safe and reasonably foreseeable manner and for a purpose reasonably anticipated and foreseeable by Defendants.

## COUNT I

### Donald Palmer Jr. v. Black & Decker (U.S.) Inc.
### (Strict Liability)

23.    Plaintiff Donald Palmer, Jr. incorporates by reference the allegations contained in paragraphs l through 21 as though the same were fully set forth herein.

24.    Plaintiff Donald Palmer, Jr. is in the class of person that Defendants Black & Decker should have reasonably foreseen as being subject to the harm caused by the defectively designed and/or manufactured jacket, battery and component parts as Plaintiff Donald Palmer, Jr. was a hunter and outdoorsman.

25.    Solely as a result of the defective and unreasonably dangerous design and manufacture of the DeWalt Heated Jacket and its component parts as set forth in this Civil Action, Plaintiff Donald Palmer, Jr. has sustained and will sustain the injuries and damages set forth herein and is, therefore, entitled to damages under the Restatement (Second) of Torts §§ 402A and 402.

26.    Defendant Black & Decker designed, packaged, fabricated, modeled, remodeled, manufactured and distributed the DeWalt Heated Jacket, its batteries and adapters and other component parts, or was responsible for the manufacture and distribution thereof.

27.    Defendant Black & Decker's DeWalt Heated Jacket, its batteries and adapters and component parts, contained design defects at the time it left said Defendants' control, which defects rendered said DeWalt Heated Jacket, its batteries and adapters in an unreasonably dangerous, defective and unsafe condition at the time when it reached the Plaintiff Donald Palmer, Jr.

28.    Defendant Black & Decker's DeWalt Heated Jacket, its batteries and adapters, and component parts, contained inadequate or no warnings at the time it left Defendant Black &

Decker's control, which defects rendered said unit in an unreasonably dangerous, defective and unsafe condition at the time when it reached the Plaintiff Donald Palmer, Jr.

29.     Defendant Black & Decker's DeWalt Heated Jacket, its batteries and adapters, and component parts were sold and/or distributed by Defendant Black & Decker to Plaintiff Donald Palmer, Jr. in a defective condition, which condition created a danger to intended users thereof.

30.     Defendant Black & Decker's DeWalt Heated Jacket, its batteries and adapters and component parts were designed, modeled, remodeled, manufactured and sold in a defective and dangerous manner in that it:

a.   Failed to properly locate the battery pocket on the jacket to avoid or minimize harm from a fall;

b.   Failed to provide limitations on the size of battery which could be used on the jacket to avoid or minimize harm from a fall;

c.   Failed to design the shape and/or size of the battery which could be used on the jacket to avoid or minimize harm from a fall;

d.   Failed to contain proper instructions so that it could be used safely in a reasonably foreseeable manner;

e.   Failed to contain conspicuous and adequate warnings;

f.   Failed to contain safety features in that it could not be used in a safe and reasonably foreseeable manner;

g.   Failed to contain adequate packaging and brochures containing warnings on the product, and otherwise warning the Plaintiff Donald Palmer, Jr. of further actions necessary on his part to insure the safe use of the DeWalt Heated Jacket, it batteries and adapters and component parts;

h.   Failing to comply with various codes standards, regulations, statutes and industry norms;

i.   Failed to contain a conspicuous warning; and

j.   Was sold in defective and dangerous manner in that it was sold with an adapter that allowed the use of oversized batteries.

31.   Plaintiff Donald Palmer, Jr. was an intended user of the DeWalt Heated Jacket, its batteries and adapters and component parts.

32.   Plaintiff Donald Palmer, Jr. was injured while using the DeWalt Heated Jacket, its batteries and adapters and component parts in a reasonable manner and for a purpose reasonably anticipated and foreseeable by Defendants.

33.   The defective condition of the DeWalt Heated Jacket, its batteries and adapters and component parts, were the proximate cause of Plaintiff Donald Palmer, Jr.'s injuries and losses.

34.   The defective condition of the DeWalt Heated Jacket, its batteries and adapters and component parts, were a substantial factor in causing Plaintiff Donald Palmer, Jr.'s injuries and losses.

35.   As a result of the tortuous activity herein-above described, Defendant Black and Decker is strictly liable to Plaintiff Donald Palmer, Jr. for his injuries.

WHEREFORE, Plaintiff Donald Palmer, Jr. respectfully prays this Honorable Court to enter judgment in his favor, against Defendant Black & Decker (U.S.), Inc. d/b/a DeWalt Industrial Tool Company jointly, severally and/or singularly in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) and requests compensatory damages from each.

## COUNT II

### Donald Palmer Jr. v. Stanley Black & Decker, Inc.
### (Strict Liability)

36.    Plaintiff Donald Palmer, Jr. incorporates by reference the allegations contained in paragraphs 1 through 34 as though the same were fully set forth herein.

37.    Plaintiff Donald Palmer, Jr. is in the class of person that Defendant Stanley Black & Decker, Inc. d/b/a MAC Tools, should have reasonably foreseen as being subject to the harm caused by the defectively designed and/or manufactured jacket, battery and component parts as Plaintiff Donald Palmer, Jr. was a hunter and outdoorsman.

38.    Solely as a result of the defective and unreasonably dangerous design and manufacture of the DeWalt Heated Jacket and its component parts as set forth in this Civil Action, Plaintiff Donald Palmer, Jr. has sustained and will sustain the injuries and damages set forth herein and is, therefore, entitled to damages under the Restatement (Second) of Torts §§ 402A and 402.

39.    Defendant Stanley packaged, modeled, remodeled, and/or distributed the DeWalt Heated Jacket, its batteries and adapters and other component parts, or was responsible for the distribution thereof.

40.    Defendant Stanley's DeWalt Heated Jacket, its batteries and adapters and component parts, contained design defects at the time it left said Defendants' control, which defects rendered said DeWalt Heated Jacket, its batteries and adapters in an unreasonably dangerous, defective and unsafe condition at the time when it reached the Plaintiff Donald Palmer, Jr.

41.    Defendant Stanley's DeWalt Heated Jacket, its batteries and adapters, and component parts, contained inadequate or no warnings at the time it left Defendant Stanley's

control, which defects rendered said unit in an unreasonably dangerous, defective and unsafe condition at the time when it reached the Plaintiff Donald Palmer, Jr.

42.    Defendant Stanley's DeWalt Heated Jacket, its batteries and adapters, and component parts were sold and/or distributed by Defendant Stanley d/b/a MAC Tools to Plaintiff Donald Palmer, Jr. in a defective condition, which condition created a danger to intended users thereof.

43.    Defendant Stanley's DeWalt Heated Jacket, its batteries and adapters and component parts were designed, remodeled, manufactured and sold in a defective and dangerous manner in that it:

 a. Failed to properly locate the battery pocket on the jacket to avoid or minimize harm from a fall;

 b. Failed to provide limitations on the size of battery which could be used on the jacket to avoid or minimize harm from a fall;

 c. Failed to design the shape and/or size of the battery which could be used on the jacket to avoid or minimize harm from a fall;

 d. Failed to contain proper instructions so that it could be used safely in a reasonably foreseeable manner;

 e. Failed to contain conspicuous and adequate warnings;

 f. Failed to contain safety features in that it could not be used in a safe and reasonably foreseeable manner;

 g. Failed to contain adequate packaging and brochures containing warnings on the product, and otherwise warning the Plaintiff Donald Palmer, Jr. of further

actions necessary on his part to insure the safe use of the DeWalt Heated Jacket, it's batteries and adapters and component parts;

h.    Failing to comply with various codes standards, regulations, statutes and industry norms;

i.    Failed to contain a conspicuous warning; and

j.    Was sold in defective and dangerous manner in that it was sold with an adapter that allowed the use of oversized batteries.

44.    Plaintiff Donald Palmer, Jr. was an intended user of the DeWalt Heated Jacket, its batteries and adapters and component parts.

45.    Plaintiff Donald Palmer, Jr. was injured while using the DeWalt Heated Jacket, its batteries and adapters and component parts in a reasonable manner and for a purpose reasonably anticipated and foreseeable by Defendants.

46.    The defective condition of the DeWalt Heated Jacket, its batteries and adapters and component parts, were the proximate cause of Plaintiff Donald Palmer, Jr.'s injuries and losses.

47.    The defective condition of the DeWalt Heated Jacket, its batteries and adapters and component parts, were a substantial factor in causing Plaintiff Donald Palmer, Jr.'s injuries and losses.

48.    As a result of the tortuous activity herein-above described, Defendant Stanley, is strictly liable to Plaintiff Donald Palmer, Jr. for his injuries.

WHEREFORE, Plaintiff Donald Palmer, Jr. respectfully prays this Honorable Court to enter judgment in his favor, against Defendant Stanley Black & Decker, Inc. d/b/a MAC Tools, jointly, severally and/or singularly in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) and requests compensatory damages from each.

## COUNT III

### Donald Palmer Jr. v. Black & Decker (U.S.) Inc.
#### (Breach of Warranty)

49.     Plaintiff, Donald Palmer, Jr., incorporates by reference the allegations contained in paragraphs 1 through 47 as though the same were fully set forth herein.

50.     Defendant Black & Decker (U.S.), Inc. d/b/a DeWalt Industrial Tool Company impliedly warranted to the public in general and to consumers, including Plaintiff Donald Palmer, Jr., that the DeWalt Heated Jacket, battery and component parts sold by them were merchantable and reasonably fit and suitable for the ordinary purposes for which they were used, and were safe when used as intended.

51.     Plaintiff Donald Palmer, Jr. relied on the skill, judgment and implied warranties of Defendant Black & Decker that the DeWalt Heated Jacket, battery and component parts were of merchantable quality and safe and fit for the use for which they were intended.

52.     The DeWalt Heated Jacket, battery and component parts were unsafe for their intended use, and were not of merchantable quality by Defendant Black & Decker, in that their design and accompanying warnings created a hazard to anyone wearing the jacket with the intended battery and component parts. The danger of these products should have been known at the time of their distribution. These products caused Plaintiff Donald Palmer, Jr. to sustain injury and damages as alleged herein.

53.     Consequently, Defendant Black & Decker breached the implied warranty of merchantability and fitness for a particular purpose.

54.     Defendant Black & Decker breached the implied warranty of safety for intended use.

WHEREFORE, Plaintiff Donald Palmer Jr. respectfully prays this Honorable Court to enter judgment in his favor, against Defendant Black & Decker (U.S.), Inc. d/b/a DeWalt Industrial Tool Company, jointly, severally and/or singularly in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) and requests compensatory damages from each.

## COUNT IV

### Donald Palmer Jr. v. Stanley Black & Decker, Inc.
### (Breach of Warranty)

55.     Plaintiff Donald Palmer, Jr. incorporates by reference the allegations contained in paragraphs 1 through 53 as though the same were fully set forth herein.

56.     Defendant Stanley Black & Decker, Inc. d/b/a MAC Tools impliedly warranted to the public in general and to consumers, including Plaintiff Donald Palmer, Jr., that the DeWalt Heated Jacket, battery and component parts sold by them were merchantable and reasonably fit and suitable for the ordinary purposes for which they were used, and were safe when used as intended.

57.     Plaintiff Donald Palmer, Jr. relied on the skill, judgment and implied warranties of Defendant Stanley that the DeWalt Heated Jacket, battery and component parts were of merchantable quality and safe and fit for the use for which they were intended.

58.     The DeWalt Heated Jacket, battery and component parts were unsafe for their intended use, and were not of merchantable quality by Defendant Black & Decker, in that their design and accompanying warnings created a hazard to anyone wearing the jacket with the intended battery and component parts. The danger of these products should have been known at the time of their distribution. These products caused Plaintiff Donald Palmer, Jr. to sustain injury and damages as alleged herein.

59.    Consequently, Defendant Stanley breached the implied warranty of merchantability and fitness for a particular purpose.

60.    Defendant Stanley breached the implied warranty of safety for intended use.

WHEREFORE, Plaintiff Donald Palmer Jr. respectfully prays this Honorable Court to enter judgment in his favor, against Defendant Stanley Black & Decker, Inc. d/b/a MAC Tools, jointly, severally and/or singularly in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) and requests compensatory damages from each.

## COUNT V

### Donald Palmer Jr. v. Black & Decker (U.S.), Inc.
(Negligence)

61.    Plaintiff Donald Palmer, Jr. incorporates by reference the allegations contained in paragraphs 1 through 59 as though the same were fully set forth herein.

62.    Defendant Black & Decker (U.S.), Inc. d/b/a DeWalt Industrial Tool Company negligently designed, packaged, fabricated, modeled, remodeled, manufactured and distributed the DeWalt Heated Jacket, its batteries and adapters and other component parts or were responsible for the manufacture and distribution thereof.

63.    At all times relevant hereto, Defendant Black & Decker had a duty to exercise reasonable care and comply with existing standards of care in its preparation, design, research, development, manufacture, inspection, labeling, marketing, promotion and sale of the DeWalt Heated Jacket, its batteries and adapters and component parts, which Defendant Black & Decker introduced into the stream of commerce.

64.    Defendant Black & Decker breached its duty when it carelessly and  negligently allowed its  DeWalt Heated Jacket, its batteries and adapters and component parts, to enter the stream of commerce while it contained substantial design defects at the time it left said Defendant

Black & Decker's control, which defects rendered said DeWalt Heated Jacket, its batteries and adapters and component parts, unreasonably dangerous, defective and unsafe condition at the time when it reached the Plaintiff Donald Palmer, Jr. in that:

    a.    Defendant Black & Decker's DeWalt Heated Jacket, its batteries and adapters, and component parts contained inadequate or no warnings at the time it left Defendant Black & Decker's control, which defects rendered said unit in an unreasonably dangerous, defective and unsafe condition at the time when it reached the Plaintiff Donald Palmer, Jr.;

    b.    Defendant Black & Decker's DeWalt Heated Jacket, its batteries and adapters, and component parts were sold and/or distributed by Defendant Black & Decker to Plaintiff Donald Palmer, Jr. in a defective condition, which condition created a danger to intended users thereof.

    c.    Defendant Black & Decker's DeWalt Heated Jacket, its batteries and adapters, and component parts, were designed, remodeled, manufactured and sold in a defective and dangerous manner in that it:

        i.    Failed to properly locate the battery pocket on the DeWalt Heated Jacket to avoid or minimize harm from a fall;

        ii.    Failed to provide limitations on the size of battery which could be used on the DeWalt Heated Jacket to avoid or minimize harm from a fall;

        iii.    Failed to design the shape and size of the battery which could be used on the DeWalt Heated Jacket to avoid or minimize harm from a fall;

        iv.    Failed to contain instructions so that it could be used safely in a reasonably foreseeable manner;

v.   Failed to contain conspicuous and adequate warnings;

vi.   Failed to contain safety features in that it could not be used in a safe and reasonably foreseeable manner;

vii.   Failed to contain adequate packaging and brochures containing warnings on the product, and otherwise warning the Plaintiff Donald Palmer, Jr. of further actions necessary on his part to insure the safe use of the DeWalt Heated Jacket, its batteries and adapters, and component parts.

viii.   Failing to comply with various codes, standards, regulations, statutes and industry norms;

ix.   Failing to contain a conspicuous warning; and

x.   Was sold in a defective and dangerous manner in that it was sold with an adapter that allowed the use of oversized batteries.

d.   Plaintiff, Donald Palmer Jr., was an intended user of the DeWalt Heated Jacket, its batteries and adapters and component parts.

e.   Plaintiff, Donald Palmer Jr., was injured while using the DeWalt Heated Jacket, its batteries and adapters and component parts in a reasonable manner and for a purpose reasonably anticipated and foreseeable by Defendants.

f.   'The defective condition of the DeWalt Heated Jacket, its batteries and adapters and component parts were the proximate cause of Plaintiff, Donald Palmer Jr.'s injuries and losses.

g.   The defective condition of the DeWalt Heated Jacket, its batteries and adapters and component parts were a substantial factor in causing Plaintiff, Donald Palmer, Jr.'s injuries and losses.

h.   As a result of the tortuous activity herein-above described Defendant Black and Decker is strictly liable to Plaintiff Donald Palmer, Jr. for his injuries.

i.   Solely as a result of the defective and unreasonably dangerous design and manufacture of the DeWalt Heated Jacket and its Component parts as set forth in this Civil Action, the Plaintiff Donald Palmer, Jr., has sustained and will sustain the injuries and damages set forth herein, and is therefore entitled to damages under the Restatement (Second) of Torts, §§ 402A and 402.

WHEREFORE, Plaintiff Donald Palmer, Jr. respectfully prays this Honorable Court to enter judgment in his favor, against Defendant Black & Decker (U.S.), Inc. d/b/a DeWalt Industrial Tool Company, jointly, severally and /or singularly in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) and requests compensatory damages from each.

## COUNT VI

### Donald Palmer Jr. v. Stanley Black & Decker, Inc.
### (Negligence)

65.   Plaintiff, Donald Palmer, Jr., incorporates by reference the allegations contained in paragraphs 1 through 63 as though the same were fully set forth herein.

66.   Defendant Stanley Black & Decker, Inc. d/b/a MAC Tools negligently packaged, fabricated, modeled, remodeled, and distributed the DeWalt Heated Jacket, its batteries and adapters and other component parts or were responsible for the distribution thereof.

67.   At all times relevant hereto, Defendant Stanley had a duty to exercise reasonable care and comply with existing standards of care in its preparation, design, research, development,

manufacture, inspection, labeling, marketing, promotion and sale of the DeWalt Heated Jacket, its batteries and adapters and component parts, which Defendant, Stanley, introduced into the stream of commerce.

68.     Defendant Stanley breached its duty when it carelessly and  negligently allowed its DeWalt Heated Jacket, its batteries and adapters and component parts, to enter the stream of commerce while it contained substantial design defects at the time it left said Defendant, Stanley's control, which defects rendered said DeWalt Heated Jacket, its batteries and adapters and component parts, unreasonably dangerous, defective and unsafe condition at the time when it reached the Plaintiff Donald Palmer, Jr. in that:

     a.   Defendant, Stanley's DeWalt Heated Jacket, its batteries and adapters, and component parts contained inadequate or no warnings at the time it left Defendant, Stanley's control, which defects rendered said unit in an unreasonably dangerous, defective and unsafe condition at the time when it reached the Plaintiff, Donald Palmer, Jr.;

     b.   Defendant, Stanley's DeWalt Heated Jacket, its batteries and adapters, and component parts were sold and/or distributed by Defendant, Stanley, to Plaintiff, Donald Palmer, Jr., in a defective condition, which condition created a danger to intended users thereof.

     c.   Defendant, Stanley's DeWalt Heated Jacket, its batteries and adapters, and component parts, were designed, remodeled, manufactured and sold in a defective and dangerous manner in that it:

         i.   Failed to properly locate the battery pocket on the DeWalt Heated Jacket to avoid or minimize harm from a fall;

ii.   Failed to provide limitations on the size of battery which could be used on the DeWalt Heated Jacket to avoid or minimize harm from a fall;

iii.   Failed to design the shape and size of the battery which could be used on the DeWalt Heated Jacket to avoid or minimize harm from a fall;

iv.   Failed to contain instructions so that it could be used safely in a reasonably foreseeable manner;

v.   Failed to contain conspicuous and adequate warnings;

vi.   Failed to contain safety features in that it could not be used in a safe and reasonably foreseeable manner;

vii.   Failed to contain adequate packaging and brochures containing warnings on the product, and otherwise warning the Plaintiff, Donald Palmer, Jr., of further actions necessary on his part to insure the safe use of the DeWalt Heated Jacket, its batteries and adapters, and component parts.

viii.   Failing to comply with various codes, standards, regulations, statutes and industry norms;

ix.   Failing to contain a conspicuous warning; and

x.   Was sold in a defective and dangerous manner in that it was sold with an adapter that allowed the use of oversized batteries.

d.   Plaintiff, Donald Palmer Jr., was an intended user of the DeWalt Heated Jacket, its batteries and adapters and component parts.

e.   Plaintiff, Donald Palmer Jr., was injured while using the DeWalt Heated Jacket, its batteries and adapters and component parts in a reasonable manner and for a purpose reasonably anticipated and foreseeable by Defendants.

f.   The defective condition of the DeWalt Heated Jacket, its batteries and adapters and component parts were the proximate cause of Plaintiff, Donald Palmer Jr.'s injuries and losses.

g.   The defective condition of the DeWalt Heated Jacket, its batteries and adapters and component parts were a substantial factor in causing Plaintiff, Donald Palmer, Jr.'s injuries and losses.

h.   As a result of the tortuous activity herein-above described Defendant, Stanley is strictly liable to Plaintiff, Donald Palmer, Jr., for his injuries.

i.   Solely as a result of the defective and unreasonably dangerous design and manufacture of the DeWalt Heated Jacket and its Component parts as set forth in this Civil Action, the Plaintiff, Donald Palmer, Jr., has sustained and will sustain the injuries and damages set forth herein, and is therefore entitled to damages under the Restatement (Second) of Torts, §§ 402A and 402.

WHEREFORE, Plaintiff Donald Palmer, Jr., respectfully prays this Honorable Court to enter judgment in his favor against Defendant Black & Decker (U.S.), Inc. d/b/a DeWalt Industrial Tool Company and Defendant Stanley Black & Decker, Inc. d/b/a MAC Tools, jointly, severally and /or singularly in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) and requests compensatory damages from each.

Respectfully submitted,

**MARON MARVEL BRADLEY ANDERSON
  & TARDY LLC**

Wayne A. Marvel, Esquire
Attorney I.D. No. 34108
James C. McKeown, Esquire
Attorney I.D. No. 204149
Three Logan Square
1717 Arch Street, Suite 3710
Philadelphia, PA  19103
(215) 231-7100
*Attorneys for Plaintiff Donald Palmer, Jr.*

Dated:  December 23, 2019

JS 44 (Rev 02/19)

# CIVIL COVER SHEET

19    6068

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM)*

## I. (a) PLAINTIFFS

Donald Palmer, Jr

## DEFENDANTS

Black & Decker (U S ), Inc  d/b/a DeWalt Industrial Tool Company and Stanley Black & Decker, Inc  d/b/a MAC Tools

**(b)** County of Residence of First Listed Plaintiff    New Castle County, DE
*(EXCEPT IN U S  PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Baltimore County, MD
*(IN U S  PLAINTIFF CASES ONLY)*

NOTE    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Wayne A  Marvel, Esquire and James C  McKeown, Esquire
Maron Marvel Bradley Anderson & Tardy LLC
1717 Arch Street, Suite 3710, Philadelphia, PA 19103 - (215) 231-7100

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❐ 1  U S  Government
  Plaintiff
- ❐ 3  Federal Question
  *(U S  Government Not a Party)*
- ❐ 2  U S  Government
  Defendant
- ☒ 4  Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                     *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❐ 1 | ❐ 1 | Incorporated or Principal Place of Business in This State | ❐ 4 | ❐ 4 |
| Citizen of Another State | ☒ 2 | ❐ 2 | Incorporated and Principal Place of Business in Another State | ❐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ❐ 3 | ❐ 3 | Foreign Nation | ❐ 6 | ❐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for  Nature of Suit Code Descriptions

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ❐ 110 Insurance | **PERSONAL INJURY** **PERSONAL INJURY** | ❐ 625 Drug Related Seizure of Property 21 USC 881 | ❐ 422 Appeal 28 USC 158 | ❐ 375 False Claims Act |
| ❐ 120 Marine | ❐ 310 Airplane   ☒ 365 Personal Injury - | ❐ 690 Other | ❐ 423 Withdrawal | ❐ 376 Qui Tam (31 USC |
| ❐ 130 Miller Act | ❐ 315 Airplane Product     Product Liability |  | 28 USC 157 | 3729(a)) |
| ❐ 140 Negotiable Instrument | Liability   ❐ 367 Health Care/ |  |  | ❐ 400 State Reapportionment |
| ❐ 150 Recovery of Overpayment | ❐ 320 Assault, Libel &     Pharmaceutical |  | **PROPERTY RIGHTS** | ❐ 410 Antitrust |
| & Enforcement of Judgment | Slander     Personal Injury |  | ❐ 820 Copyrights | ❐ 430 Banks and Banking |
| ❐ 151 Medicare Act | ❐ 330 Federal Employers'     Product Liability |  | ❐ 830 Patent | ❐ 450 Commerce |
| ❐ 152 Recovery of Defaulted | Liability   ❐ 368 Asbestos Personal |  | ❐ 835 Patent - Abbreviated | ❐ 460 Deportation |
| Student Loans | ❐ 340 Marine     Injury Product |  | New Drug Application | ❐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ❐ 345 Marine Product     Liability |  | ❐ 840 Trademark | Corrupt Organizations |
| ❐ 153 Recovery of Overpayment | Liability   **PERSONAL PROPERTY** |  | **SOCIAL SECURITY** | ❐ 480 Consumer Credit |
| of Veteran's Benefits | ❐ 350 Motor Vehicle   ❐ 370 Other Fraud | **LABOR** | ❐ 861 HIA (1395ff) | ❐ 485 Telephone Consumer |
| ❐ 160 Stockholders' Suits | ❐ 355 Motor Vehicle   ❐ 371 Truth in Lending | ❐ 710 Fair Labor Standards | ❐ 862 Black Lung (923) | Protection Act |
| ❐ 190 Other Contract | Product Liability   ❐ 380 Other Personal | Act | ❐ 863 DIWC/DIWW (405(g)) | ❐ 490 Cable/Sat TV |
| ❐ 195 Contract Product Liability | ❐ 360 Other Personal     Property Damage | ❐ 720 Labor/Management | ❐ 864 SSID Title XVI | ❐ 850 Securities/Commodities/ |
| ❐ 196 Franchise | Injury   ❐ 385 Property Damage | Relations | ❐ 865 RSI (405(g)) | Exchange |
|  | ❐ 362 Personal Injury -     Product Liability | ❐ 740 Railway Labor Act |  | ❐ 890 Other Statutory Actions |
|  | Medical Malpractice | ❐ 751 Family and Medical |  | ❐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** **PRISONER PETITIONS** | Leave Act |  | ❐ 893 Environmental Matters |
| ❐ 210 Land Condemnation | ❐ 440 Other Civil Rights   **Habeas Corpus:** | ❐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❐ 895 Freedom of Information |
| ❐ 220 Foreclosure | ❐ 441 Voting   ❐ 463 Alien Detainee | ❐ 791 Employee Retirement | ❐ 870 Taxes (U S  Plaintiff | Act |
| ❐ 230 Rent Lease & Ejectment | ❐ 442 Employment   ❐ 510 Motions to Vacate | Income Security Act | or Defendant) | ❐ 896 Arbitration |
| ❐ 240 Torts to Land | ❐ 443 Housing/     Sentence |  | ❐ 871 IRS - Third Party | ❐ 899 Administrative Procedure |
| ❐ 245 Tort Product Liability | Accommodations   ❐ 530 General |  | 26 USC 7609 | Act/Review or Appeal of |
| ❐ 290 All Other Real Property | ❐ 445 Amer w/Disabilities -   ❐ 535 Death Penalty | **IMMIGRATION** |  | Agency Decision |
|  | Employment   **Other:** | ❐ 462 Naturalization Application |  | ❐ 950 Constitutionality of |
|  | ❐ 446 Amer w/Disabilities -   ❐ 540 Mandamus & Other | ❐ 465 Other Immigration |  | State Statutes |
|  | Other   ❐ 550 Civil Rights | Actions |  |  |
|  | ❐ 448 Education   ❐ 555 Prison Condition |  |  |  |
|  | ❐ 560 Civil Detainee - |  |  |  |
|  | Conditions of |  |  |  |
|  | Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original
  Proceeding
- ❐ 2 Removed from
  State Court
- ❐ 3 Remanded from
  Appellate Court
- ❐ 4 Reinstated or
  Reopened
- ❐ 5 Transferred from
  Another District
  *(specify)*
- ❐ 6 Multidistrict
  Litigation -
  Transfer
- ❐ 8 Multidistrict
  Litigation -
  Direct File

## VI. CAUSE OF ACTION

Cite the U S  Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
28 U S C  § 1332

Brief description of cause
Design Defect / Strict Liability

## VII. REQUESTED IN
COMPLAINT:

❐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F R Cv P

DEMAND $

CHECK YES only if demanded in complaint
JURY DEMAND:    ☒ Yes    ❐ No

## VIII. RELATED CASE(S)
IF ANY

*(See instructions)*

JUDGE

DOCKET NUMBER

DATE   12/23/2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG JUDGE

DEC 23 2019

*PD*

*19-CV-6068*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: ___ 1611 Stoney Run Road, Wilmignton, DE 19803

Address of Defendant: 701 E Joppa Road, Towson, MD 21286 and 1000 Stanley Drive, New Britain, CT 06053

Place of Accident, Incident or Transaction: ___ Valley View, Pennsylaniva

---

**RELATED CASE, IF ANY:**

Case Number ___   Judge ___   Date Terminated ___

Civil cases are deemed related when *Yes* is answered to any of the following questions

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4   Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not   related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE ___ 12/23/2019 ___   _____
*Attorney-at-Law / Pro Se Plaintiff*   Must sign here   34108
*Attorney I D # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.   *Federal Question Cases:***

☐ 1   Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2   FELA
☐ 3.   Jones Act-Personal Injury
☐ 4   Antitrust
☐ 5   Patent
☐ 6.   Labor-Management Relations
☐ 7   Civil Rights
☐ 8   Habeas Corpus
☐ 9.   Securities Act(s) Cases
☐ 10   Social Security Review Cases
☐ 11   All other Federal Question Cases
      *(Please specify)* ___

**B.   *Diversity Jurisdiction Cases:***

☐ 1.   Insurance Contract and Other Contracts
☐ 2.   Airplane Personal Injury
☐ 3.   Assault, Defamation
☐ 4.   Marine Personal Injury
☐ 5   Motor Vehicle Personal Injury
☐ 6   Other Personal Injury *(Please specify)* ___
☑ 7   Products Liability
☐ 8   Products Liability – Asbestos
☐ 9   All other Diversity Cases
      *(Please specify)* ___

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration )*

I, ___ Wayne A. Marvel ___, counsel of record *or* pro se plaintiff, do hereby certify

☑ Pursuant to Local Civil Rule 53 2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 00 exclusive of interest and costs

☐ Relief other than monetary damages is sought.

DATE ___ 12/23/2019 ___   _____
Signature if applicable   34108
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I D # (if applicable)*

NOTE  A trial de novo will be a trial by jury only if there has been compliance with F R C P 38

*Cv  609 (5 2018)*

DEC 23 2019



## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| DONALD PALMER, JR.,      ) | |
|             ) | |
|     *Plaintiff*      ) | |
|             ) | |
|     *v.*      ) | CIVIL ACTION NO. |
|             ) | |
| BLACK & DECKER (U.S.), INC. d/b/a DEWALT   ) | |
| INDUSTRIAL TOOL COMPANY and STANLEY   ) | **19    6068** |
| BLACK & DECKER, INC. d/b/a MAC TOOLS,   ) | |
|             ) | |
|     *Defendants.*      ) | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus - Cases brought under 28 U.S.C. § 2241 through § 2255.      ( )

(b) Social Security - Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.      ( )

(c) Arbitration -Cases required to be designated for arbitration under Local Civil Rule 53.2.      ( )

(d) Asbestos - Cases involving claims for personal injury or property damage from exposure to asbestos.      ( )

(e) Special Management - Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)

(f) Standard Management - Cases that do not fall into any one of the other tracks.      (X)

___12/22/2019___     __Wayne A. Marvel and James C. McKeown__     __Plaintiff__
**Date**                 **Attorney-at-law**                 **Attorney for**

                                             wam@maronmarvel.com
_(215) 231-7100_     _____(215) 231-7101_____     jcm@maronmarvel.com
**Telephone**                 **FAX Number**                 **E-Mail Address**

(Civ 660) 10/02

DEC 23 2019